## Tissue *v.* Hanna, Appellant.

[Marked to be reported.]

*Guaranty — Judgment note—Due diligence in collection — Question for jury—Guardian and ward.*

The holder of a promissory note, the payment of which has been guaranteed by the payee at the time of the assignment, must use due diligence to recover from the maker of the note in order to hold the guarantor liable; but what constitutes due diligence is a question of fact depending upon the circumstances of each particular case, and is usually a question for the jury.

Three days after a ward became of age his guardian made a settlement with him, giving to him amongst other things a judgment note, the payment of which he guaranteed. The note was then seven months past due. The maker of the note lived in another county thirty-five miles distant, was known to the ward, was actively engaged in business, and was in visible possession of real and personal estate worth many times the amount of the note. He was considered perfectly solvent, and there were no special circumstances tending to excite haste or urgency in collecting the money. The note was mislaid, and suit was not brought upon it until more than two years after its assignment to plaintiff. At that time the maker was insolvent. It appeared that there was a period of four months after the assignment of the note within which it might have been collected. *Held*, that the question of the guardian's liability on his guaranty was for the jury, and that a verdict and judgment for plaintiff should be sustained.

It seems that there may be cases in which, upon the undisputed testimony, the want of diligence in collecting guaranteed paper is so palpable and so gross that it may be the duty of the court to give a binding instruction to the jury upon its effect.

Argued Oct. 11, 1893. Appeal, No. 148, Oct. T., 1893, by defendant, John Hanna, from judgment of C. P. Somerset Co., May T., 1890, No. 117, on verdict for plaintiff, Harvey B. Tissue. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on guaranty of judgment note.

At the trial it appeared that on Jan. 7, 1888, defendant, who was plaintiff's guardian, made a settlement with his ward, by which he transferred to him among other securities a judgment note for $250, due May 26, 1887, made by Harrison Younkin, guaranteeing the payment of it. Plaintiff came of age three

days before the settlement.    Other facts appear by the opinion of the Supreme Court.

Plaintiff's point was among others as follows:

" 3. If the jury believe that at the time the note in suit was assigned to the plaintiff, the defendant, John Hanna, told him the note was as good as gold, and if said Harrison Younkin was possessed of a large amount of real and personal property, and his credit in the community in which he lived was good and he was regarded as a substantial business man, and neither the plaintiff, defendant, nor the public generally, had knowledge of his true financial condition, and his real financial condition did not materially change between January 7, and May 7, 1888, then the plaintiff cannot be charged with want of due diligence in not attempting to force the collection of the note.    *Answer :* This point is refused.    It is for you to say on all the evidence whether there was due diligence used on the part of the plaintiff." [1]

Defendant's points were among others as follows:

" 2. That Hanna having assigned the note in suit to Tissue, with a guaranty, on January 7, 1888, the duty was imposed upon the latter to exercise due diligence to enforce payment from Younkin, the maker of the note ; and as the note was overdue at the time of the transfer, the exercise of due diligence required of Tissue that he prosecute the claim to judgment and execution, provided the claim could have been made by legal process.    *Answer:* We answer, that, in view of what occurred between the parties at the time of the transfer of the note, the directions given by the guarantor to the plaintiff to write and request payment from the maker, it was his duty to do at least that much towards securing himself within a reasonable time, and on failure of compliance therewith to resort to legal process.    Thus qualified the point is affirmed." [2]

" 3. That as the undisputed evidence is, that the note was transferred on January 7, 1888, and was then overdue; that Tissue took the note home and mislaid it and that it was not found until after this suit was brought on the 27th day of March, 1890 ; that he made no demand for payment; made no effort to collect the note ; that by reason of the note being mislaid he was powerless to enter the same and obtain judgment thereon and issue execution; that Younkin was the owner of

and in possession of a large amount of personal property, out of which the money could have been made, the plaintiff did not exercise such diligence as the law requires, and the verdict must be for the defendant. *Answer:* If you find the facts as stated in this point it is affirmed, because such negligence would release the guarantor." [3]

" 4. That as the plaintiff mislaid the note, made no demand for the money, made no effort to collect the same by legal process, and as the evidence shows that Younkin had sufficient property out of which the money could have been made, he was guilty of such laches as will prevent a recovery by him in this case. *Answer:* This point is substantially the same as the preceding one, and is affirmed with the same qualifications." [4]

" 5. That under the pleadings and all the evidence in this case the verdict must be for the defendant. *Answer:* We refuse that point. It is for you to say, under the instructions which we have given you as to the law and upon all the evidence in the case, whether the verdict shall be for the plaintiff or for the defendant. This point, like the first point of the plaintiff, would require us to take the case entirely from you, and we decline to do that." [5]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–5) instructions, quoting them.

*W. H. Koontz,* for appellant.—The contract of guaranty imposed the duty of exercising due diligence upon plaintiff : National Loan & Building Society v. Lichtenwalner, 100 Pa. 100 ; Campbell v. Baker, 46 Pa. 242 ; Reigart v. White, 52 Pa. 439 ; Hoffman v. Bechtel, 52 Pa. 190.

In Craig v. Parkis, 100 Am. Dec. 469 (40 N. Y. 181), it was held that a guarantor will be discharged by delay of six months in taking measures to collect the debt, where all the principals reside in the state and can be personally served.

In the present case the parties lived in adjoining counties, the note contained a warrant of attorney to confess judgment, could have been entered and issued upon any time after its transfer, and the undisputed testimony is that the money could have been made at any time prior to May 7, 1888, when Yonkin's goods were seized in execution by other creditors.

What is contended for here is that there may be such laches shown on part of the party to whom the contract of guaranty is made as would, in law, amount to want of due diligence, and would make it the duty of the court to say so, instead of submitting it to the uncertain action of a jury.

*W. H. Ruppel, A. H. Coffroth* and *J. C. Lowry* with him, for appellee.—The holder of a guaranteed paper must use due diligence to recover from the maker of the note in order to hold the guarantor liable; but what constitutes due diligence is a question of fact depending upon the circumstances of each particular case, and hence must necessarily be referred to a jury to decide.    Kramph's Executrix v. Hatz's Executors, 52 Pa. 530; National Loan and Building Society v. Lichtenwalner, 100 Pa. 104.

The courts will carefully scrutinize a settlement between guardian and ward: Say v. Barnes, 4 S. & R. 115; Lukens's Ap., 7 W. & S. 48; Wills's Ap., 22 Pa. 332; Hamlin v. Atkinson, 6 Rand. (Va.) 574; Gale v. Wells, 12 Barb. (N. Y.) 84; Eberts v. Eberts, 55 Pa. 110; Lewis v. Browning, 111 Pa. 493; Royer v. Myers, 15 Pa. 89.

OPINION BY MR. JUSTICE GREEN, November 13, 1893:

The learned court below left to the jury the question whether due diligence was used by the plaintiff in endeavoring to collect the note in controversy from the maker.   The note was past due for seven months when it was received from the defendant who guaranteed its payment at that time.   There was an interval of four months within which the note could probably have been collected from the maker if judgment had been entered on it and execution issued.   The maker was then engaged in business as a merchant, and had a considerable stock of goods out of which the money could have been collected by execution, though the maker of the note was in reality insolvent when the note was transferred to the plaintiff by the defendant, who was his guardian.   The real estate of the maker was incumbered by liens for more than it was worth during the whole of the time, and nothing could have been collected from it.   In considering the question of due diligence on the part of the plaintiff, it must be remembered that his guardian, the defendant, induced

him to take the note by guaranteeing its payment, and that it was then seven months past due, and the defendant assured him that if he would demand payment of the note he would get it. The maker of the note lived in another county, thirty-five miles distant, was known to the plaintiff, and was actively engaged in business, and was in the visible possession of real and personal estate worth many times more than the amount of the note. He was considered perfectly solvent, as the defendant himself testified, and there were no special circumstances tending to excite haste or urgency in collecting the money. Moreover the note had become mislaid and could not be found until a considerable time after the maker's failure. The question then was, whether the plaintiff had been guilty of such a want of diligence, in collecting the note, as that the court was bound to decide as a matter of law that the defendant was released as guarantor, and to instruct the jury to render a verdict for the defendant. We think not. There was some delay, and, after the event, we know that the money could have been collected by judgment and execution during a period of four months. But the determination of the question does not depend upon that consideration. In this state we have held that the question of due diligence in such cases is a question for the jury, and depends upon the circumstances in each case.

In the case of Rudy v. Wolf, 16 S. & R. 79, there was a delay of eight years on the part of the assignee of the bond in obtaining judgment against the obligor, and the obligor had real and personal property during that time. Yet this court said : " It is sufficient if it be laid down that due diligence to recover the money from the obligor must be used ; and what is due diligence must always be a part of the determination of a jury upon the whole evidence submitted to them."

In Kramph's Exrx. v. Hatz's Exrs., 52 Pa. 525, there was a guaranty by four persons of the payment of a bond for $4,000, which was also secured by a mortgage. The bond fell due in 1850, and in 1859, after notice to the holder of the bond to proceed and collect it, a sci. fa. was issued on the mortgage, judgment obtained and execution issued, upon which the property was sold for considerably less than the balance due on the mortgage. One of the guarantors having paid a judgment obtained against him for the whole amount due, brought an ac-

tion against the other guarantors for contribution. This Court held that the defence of want of due diligence could be made in the action for contribution, and said: "But there was over nine years' delay. In some circumstances this might work a release of a guarantor, because the contract of guaranty is conditioned upon the creditor's diligent use of means to collect the debt out of the principal debtor. Such a contract creates only a contingent liability; and it becomes absolute only by due and unsuccessful diligence to obtain satisfaction from the principal, or by circumstances that excuse diligence. . . . But every case is to be judged by its circumstances. Here was a debt of four thousand dollars secured by a mortgage of real estate that had cost the mortgagor that sum—he had paid the interest and $1,000 of the principal of the debt, and from the time the mortgage fell due till he was sold out he was in insolvent circumstances. Now under these circumstances it was a question for the jury whether the delay was unreasonable and whether the guarantors were prejudiced by it. . . . This would seem to be the question in the cause, and it should have been left to the jury, and the event made to depend upon their finding."

In National Loan etc. Society v. Lichtenwalner, 100 Pa. 100, Mr. Justice PAXSON, delivering the opinion of this court, said : " That this is a contract of guaranty is settled by abundant authority (citing authorities). It is equally clear that such contract imposes upon the plaintiff the duty of exercising due diligence to enforce payment from the principal before resort can be had to the guarantor (citing cases). What is due diligence ? There are many cases upon this point, and the general tenor of them appears to be that the contract for due diligence requires that a suit be brought within a reasonable time after the maturity of the claim, and be duly prosecuted to judgment and execution before an action can be sustained against the guarantor, unless it appears that such proceedings could have produced no beneficial result (citing cases). And it must vary with the circumstances of each case ; hence it is a question for the jury."

It would seem upon this review of the authorities that the question of due diligence in this class of cases is a question for the jury, and we are of opinion that the learned court be-

low was entirely correct in adopting that course in this instance. Yet we do not mean to say that in no circumstances would it be proper for the court to pass upon the question. We can readily understand that there may be cases, in which, upon the undisputed testimony, the want of diligence is so palpable and so gross that it may be the duty of the court to give a binding instruction to the jury upon its effect. We only say now that we do not consider the present as a case of that character.

Judgment affirmed.