# Donlevy *v.* Dobbs, Appellant.

*Contract—Guaranty—Evidence—Burden of proof.*

In an action on a guaranty to pay for merchandise delivered to a contractor, where it appears that the guaranty was given to secure the immediate delivery of material for a building operation in which the defendant was interested, the defendant cannot set up as a defense an order drawn by the contractor upon the defendant in favor of the plaintiff to be paid out of the last moneys due the contractor upon the completion of the operation, if it appears that such order was never accepted by the defendant, and by the very terms of the guaranty had no connection with it.

Argued Dec. 11, 1912. Appeal, No. 273, Oct. T., 1912, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1910, No. 3,716, on verdict for plaintiff in case of Ellen P. Donlevy, Executrix, v. Samuel B. Dobbs. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a written guaranty. Before MAGILL, J.
The facts are stated in the opinion of the Superior Court.

The order of October 8, 1908, referred to in the opinion was as follows:

"PHILADELPHIA, October 8th, 1908.
"Mr. S. B. Dobbs,
"1218 Chestnut St., Phila.
"Dear Sir:
"Please pay to Frank L. Donlevy & Co. the sum of Five Hundred Sixty Dollars ($560.00) for hardware furnished and to be furnished on the ten houses which I am erecting at Collingswood, N. J.

"This money is to be paid out of the last money due me on the completion of the said operation, under the terms of the agreement entered into between yourself, Henry R. Tatem and myself, dated April 29, 1908.

"Respectfully yours,
"JOHN MADDOCK."

At the trial the court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $371.60. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant.

*J. Fithian Tatem*, for appellant, cited: Miller v. Stewart, 22 U. S. 680; Hutchinson v. Woodwell, 107 Pa. 509.

*Charles H. Pile*, for appellee, cited: Aldridge v. Eshleman, 46 Pa. 420.

OPINION BY PORTER, J., April 21, 1913:

The plaintiff brought this action of assumpsit to recover of the defendant for merchandise which had been sold and delivered to one John Maddocks, averring in her statement that the defendant had become liable as guarantor for payment by Maddocks, by the following letter:

"PHILADELPHIA, PA., October 9, 1908.
" Messrs. Frank L. Donlevy & Co.,
    " 833 Arch St., Phila.
" Gentlemen:
    " In reference to an order dated October 8th, from John Maddocks to you, to pay out of money due him to you $560.00 for hardware required in ten houses, now being erected on New Jersey Avenue, Collingswood, for hardware, sash weights and cords and nails already furnished and to be furnished. Pending this matter being taken up with Mr. Tatem when he is able to be around, I hereby agree to guarantee in accordance with the order of Maddocks, dated October 8th, to the amount of $300.00 provided you will send out immediately, all the sash weights and cords for the ten houses and hardware enough to complete five houses.

                    " Yours truly,
                            " S. B. DOBBS."

The following facts were, at the trial, undisputed. Dobbs, Maddocks and Tatem were all interested in a building operation involving the erection of ten houses, and under the agreement between them Maddocks was to furnish the labor and materials for the erection of the houses. Maddocks ordered the hardware from Donlevy, who declined to furnish it unless it was paid for in cash or satisfactory security given for the payment. These facts were communicated to Dobbs, who thereupon wrote, signed and delivered to Donlevy the letter above quoted. Donlevy immediately accepted and acted upon this undertaking of Dobbs and delivered the merchandise referred to in the letter to the building operation, of which Dobbs had notice. The goods so delivered, upon the faith of the letter, exceeded in value $300. Maddocks subsequently became insolvent and absconded without paying anything for the merchandise in question. The plaintiff recovered a verdict and judgment, for the sum of $300, in the court below. and the defendant appeals.

The only fact with regard to which there was any controversy under the evidence, was as to the identity of the order of Maddocks referred to in the letter above quoted. The testimony on the part of the plaintiff was to the effect that those who acted for the plaintiff in this matter never saw any written order of Maddocks, save a mere request for the delivery of the goods in question. The testimony on behalf of the defendant was to the effect that the order of Maddocks dated October 8, was in the form of a letter addressed to the defendant which the defendant produced, requesting the defendant to pay to Donlevy the sum of $560, for hardware for the houses in question, and containing this statement: "This money is to be paid out of the last money due me on the completion of the said operation, under the terms of the agreement entered into between yourself, Henry R. Tatem and myself, dated April 29th, 1908." The defendant contended at the trial, and upon this appeal, that this condition was to be read into the letter of Dobbs to Donlevy, above quoted, and that the burden was upon the plaintiff in this case to show that money had become due from this defendant to Maddocks, before the plaintiff could recover. The effect of this contention, if sustained, would be to hold that the letter of the defendant to the plaintiff did not constitute an agreement by the former to become liable as guarantor for Maddocks, but that it must be treated as an acceptance pro tanto of the order of Maddocks to Dobbs to pay to Donlevy, upon certain conditions. The letter of the defendant cannot be treated as an acceptance to any extent of the alleged order of October 8, for by its very terms it postpones action upon the order until Tatem could be consulted. The order of October 8 never was in fact accepted and it is produced by this defendant and discloses that it had not been accepted down to the day of the trial. Not being willing to accept the order the defendant submitted a proposition of his own, the purpose of which was to induce Donlevy to at once deliver the goods to Maddocks, and this is the proposition which Donlevy

accepted and acted upon: "I hereby agree to guarantee in accordance with the order of Maddocks, dated October 8th, to the amount of $300.00, provided you will send out immediately, all the sash weights and cords for the ten houses, and hardware enough to complete five houses," and this the defendant signed. This was an agreement to become liable as guarantor upon some contract or undertaking, to which the agreement was collateral. It was certainly not a guaranty that he would accept the order, nor was it a guaranty that he would pay the order if he did accept it. It cannot be assumed that he was attempting to do anything so absurd as to become a guarantor for his own action. Contracts of guaranty are to be construed with reference to the subject-matter and the circumstances of the parties: Aldridge v. Eshleman, 46 Pa. 420. The purpose of the defendant, in addressing the letter to Donlevy, was to secure the immediate delivery of the hardware to the building operation in which he was himself interested. His contract of guaranty was collateral to the contract of Maddocks to pay Donlevy for the hardware which he was then to receive. A contract of guaranty is an engagement to pay in default of solvency in the debtor, provided due diligence be used to obtain payment from him: Reigart v. White, 52 Pa. 438; Kramph's Executrix v. Hatz's Executors, 52 Pa. 525; National Loan & Building Society v. Lichtenwalner, 100 Pa. 100. The contract of the defendant was to pay to the amount of $300, for the goods to be delivered to Maddocks in case the plaintiff could not by due diligence collect the amount from Maddocks. He became an insurer of the solvency of Maddocks. The burden was not, therefore, upon the plaintiff to show that this defendant was indebted to Maddocks. The specifications of error are dismissed.

The judgment is affirmed.