From William F. Schutte, Beaver Falls, Pa.

## First National Bank of Bellefonte v. Stevenson et al.

*James C. Furst,* for plaintiff; *Ellis L. Orvis,* for defendants.

FLEMING, P. J., July 18, 1932.—This matter is before the court upon a rule granted upon the plaintiff to show cause (1) why the goods and chattels, lands and tenements of the defendants E. G. Myers and Helen Myers should not be levied upon and sold before proceeding against the goods and chattels, lands and tenements of the defendant George F. Stevenson, and (2) why the personal property of all defendants should not be levied upon and sold before proceeding against the real estate of either defendant. The rule as originally granted does not appear fully to cover the two questions last above stated, but these matters having been fully argued before the court, such rule is considered as amended to cover the same.

The averments of the petition for the rule are not denied. The petitioner, George F. Stevenson, was an accommodation maker, with E. G. Myers and Helen Myers, upon a note discounted at the plaintiff bank, the proceeds of which in their entirety were paid to and used by the said E. G. Myers and Helen Myers. That the plaintiff bank had notice of the accommodation capacity of the petitioner is also undenied.

The petitioner and his codefendants are all owners of considerable personal property and of real estate situated in this jurisdiction. By virtue of a writ of execution, entitled second pluries fi. fa. to No. 67, May Term, 1932, the sheriff advertised a sale of the petitioner's real estate consisting of seven purparts situated in the Township of Patton. There was no levy or sale upon the personal property of the petitioner or his codefendants or upon the real estate of the codefendants.

No question has been raised as to the sufficiency of the warrant of attorney to confess judgment contained in the note in question. This note contains the following waiver:

"................. hereby waiving the right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same and authorize the prothonotary to enter upon the fi. fa. said voluntary condemnation; and do further agree that said real estate may be sold on a fi. fa. ........................"

The first question before us, while not so specifically stated in the petition, is the contention that the defendant, Stevenson, is a guarantor and not a surety upon the debt of his codefendants and, therefore, is only secondarily liable for the note—that is to say, that the plaintiff bank must exhaust the resources of the Myers before proceeding against the petitioner. Guaranty is a contract that the debtor shall pay. Surety is an undertaking that the debt shall be paid. A guarantor insures the debt. A surety insures the solvency of the debtor: Kramph's Exec'x v. Hatz's Exec'rs, 52 Pa. 525. Guaranty is "a contract by which the guarantor undertakes, in case the principal fails to do what he has promised or undertaken to do, to pay damages for such failure; distinguished from an engagement of suretyship in this respect, that a surety undertakes to do the very thing which the principal has promised to do, in case the latter defaults:" Black's Law Dic. 551. Guaranty is, therefore, a collateral undertaking with respect to the principal's promise, while suretyship is a direct undertaking to do what the principal has promised.

The question here, however, is not whether the petitioner is a guarantor or a surety. All the parties named as defendants in this action have signed the note as parties and are, therefore, made primarily liable, for by the terms of the note they are absolutely required to pay it. In the case of Delaware County Trust, etc., Co. v. Haser, 199 Pa. 17, it is held that: "One who signs a note as maker, although he does it merely for the accommodation of the payee or the endorser, thereby pledges himself in the situation of principal, and will not be allowed to escape the consequences of his action by subsequently alleging that he was but a surety." Even in the case of a joint and several note, which the note upon which judgment was entered in the instant case is not, it has been held in Campbell v. Sherman, 151 Pa. 70, that it is not necessary to proceed against the principal maker before having recourse upon the surety maker. Here all three defendants are equally liable to the plaintiff bank and the plaintiff bank may proceed to obtain satisfaction of its judgment against these defendants in such order as it may elect.

The second question for our determination involves the right of the plaintiff bank to ignore personalty and to proceed directly against the real estate of the defendants. The writ under consideration is a fi. fa. Section forty-one of the Act of June 16, 1836, P. L. 755, directs as follows:

"The officer to whom any such writ may be directed, shall, if the defendant therein refuse or neglect to pay the debt, and costs, proceed to levy and sell so much of the defendant's personal estate as shall be sufficient for that purpose, and make return of his proceedings to the court, according to the command of such writ."

This enactment has not been repealed. Anticipating the probability of an insufficiency of personal property, the Act of 1836, supra, continues to provide, in section forty-three thereof, as follows:

"If sufficient personal estate cannot be found by such officer, he shall proceed to levy upon the defendant's real estate, or such part thereof as he may deem sufficient to pay the sum to be levied, as aforesaid, but not less than a whole tract shall be levied on."

Then follows the cumbersome procedure of inquest, condemnation and sale, to avoid which modern procedure, availing itself of the provisions of section forty-five of the Act of 1836, supra, has provided for waivers of such inquisition and condemnation and has provided for the sale of such real estate upon a writ of fi. fa. after such waivers filed. The act, however, makes no specific provision for waiving the requirements of section forty-one relating to the directed levy upon a defendant's personal property, nor does any waiver of such requirement appear to have been attempted by the terms of the note upon which judgment was entered herein. The requirements of section forty-one are mandatory, and before real estate may be sold upon a fi. fa. it must appear that (1) levy and sale of defendant's personalty has been had; (2) that the proceeds of the sale of such personalty have been insufficient to pay debt, interest and costs in full; and (3) that inquisition has been waived and the property voluntarily condemned. We are not here called upon to decide the effect of an amicable agreement between plaintiff and defendant that the personalty be ignored and that the sale be directed against the real estate ab initio. The petitioner defendant is here contending that the sheriff is without jurisdiction to levy and sell his real estate without first having levied upon, sold and exhausted the personalty of himself and his codefendants. This contention is wholly sound under the present legislation in this Commonwealth.

And now, July 18, 1932, after consideration of the whole record, that portion of the rule upon plaintiff requiring it to appear and show cause why the goods and chattels, lands and tenements of the defendants E. G. Myers and Helen Myers should not be levied upon and sold before proceeding against the goods and chattels, lands and tenements of the defendant George F. Stevenson is discharged; and that portion of said rule requiring plaintiff to appear and show cause why the personal property of all defendants should not be levied upon and sold before proceeding against the real estate of the petitioner defendant is made absolute. Levy heretofore made upon the real estate of George F. Stevenson is vacated and set aside. Costs of rule to be paid by plaintiff.

From S. D. Gettig, Bellefonte, Pa.