## A. O. COX ET AL. *v.* WEED SEWING MACHINE CO.

1. BOND OF IDEMNITY. *Sureties. Notice of acceptance and default.*
   The sureties on a bond conditioned to answer for the debts and defaults of a sewing-machine agent, who is the principal obligor, and to whom the bond is delivered, are neither guarantors nor sureties on a guaranty, and are not entitled to notice of the obligee's acceptance of the bond, or the agent's subsequently contracted debts.

2. SAME. *Ultra vires. Plea. Certainty.*
   In an action by the corporation, which is the obligee in such bond, to recover the principal obligor's note and his debt of one dollar, a plea by the sureties that the plaintiff had no power to make the contract sued on, if allowable at all, must state which contract is meant, and wherein it is beyond the corporate powers.

3. SAME. *Breach. Principal's voluntary note.*
   Such note, made after execution of the bond, if without consideration, cannot be collected from the sureties in that suit.

4. SAME. *Notice to obligee. Warning.*
   The mailing, before any machines are delivered, of notice to the plaintiff not to let the agent have them, is no defence to such action.

5. PLEADING. *Demurrer. Assignment of Causes.*
   A plea which answers the cause of action, except one dollar, should be sustained against a demurrer thereto which does not assign for cause that it professes to answer the whole action while it covers only a part.

Error to the Circuit Court of Lincoln County.

Hon. J. B. Chrisman, Judge.

*H. Cassedy*, for the plaintiffs in error.

The law applicable to this case, on the subject of notice, while uncertain in other States, is clearly settled by our own court. A line of demarcation between contracts of guaranty where notice is required and those where it is not is, in this State, distinctly drawn, and based on the reason for notice as applicable to the contract in each case. Where the contract binds the guarantor for the debt of another to a definite amount, with a fixed day for its payment, it is primary, and no notice is required of his obligations and duties. *Thrasher* v. *Ely*, 2 S. & M. 139; *Mathews* v. *Chrisman*, 12 S. & M. 595; *Baker* v. *Kelly*, 41 Miss. 696. But where, by the contract, a party assumes to pay a debt or debts of another, to be contracted on his credit in the future, without any amount being stated, or any definite time fixed for the maturity of such debt, it is reasonable that, before such an indefinite liability becomes fixed, the guarantor should have notice that his security has been accepted; that the debt has matured, and the debtor has made default. He should have notice that he may watch the increase of his liability, and take indemnity from the debtor, as well as provide for its payment. *Hill* v. *Calvin*, 4 How. 231; *Williams* v. *Staton*, 5 S. & M. 347; *Montgomery* v. *Kellogg*, 43 Miss. 486. It is an abuse of terms to say that Cox and Deason were primarily bound as sureties, and not as guarantors. Gibson was not absolutely bound for any debt at the date of the bond; and the sureties could not incur a liability greater than that of their principal. Until accepted and credit extended, the bond was without consideration, and, until the sureties were so notified, was a mere escrow. The condition provides that it is to be a " continuing guaranty," to be terminated on notice. This provision and the wide scope of the instrument show the importance of notice of its acceptance.

*R. H. Thompson*, on the same side.

A guarantor is entitled to notice of the acceptance of the guaranty before liability attaches. *Montgomery* v. *Kellogg*, 43 Miss. 486; *Thrasher* v. *Ely*, 2 S. & M. 139; *Hill* v. *Calvin*, 4 How. 231; *Williams* v. *Staton*, 5 S. & M. 347. The

foregoing authorities also show that the guarantor is entitled to notice of the extension of credit to the principal debtor. The contract sued on is a contract of guaranty under the distinction between suretyship and guaranty laid down in Bouvier's Law Dic. title Suretyship. The fact that Gibson signed the bond does not change the nature of the obligation. He may be a principal guarantor of his own debt, and Cox and Deason may be sureties to him in this contract. Gibson has the physical power to sign a contract guarantying his own debt, and there is nothing immoral or illegal in so doing. The terms of the contract must determine whether it is a contract of guaranty or suretyship; and this question is not determinable by the fact whether or not it is signed by the principal. The case of *McMillan* v. *Bull's Head Bank*, 32 Ind. 11, differs from the case at bar, — (1) An amount was agreed upon there : here, none; (2) The credit there was given at the time, and no other engagement of the principal was contemplated : here another engagement is expressly provided for. The bond sued on defines itself as a continuing guaranty. It is collateral to Gibson's contract of indebtedness, was given two days before Gibson owed the company a cent, and imposes a secondary liability. It is an undertaking that Gibson shall pay. Guaranty is an undertaking that the debtor shall pay; suretyship that the debt shall be paid. 2 Parsons on Contracts, ch. vii.

The plea of no consideration was clearly good, and the demurrer thereto should have been overruled. No form of action can obscure the fact that the note is the real basis of the suit. The plea of *ultra vires* is a good plea, when interposed by the corporation. Green's Brice's Ultra Vires, 608. This is necessary, unless we ignore all legislative intent and place all corporations on the same footing. Reason, logic and justice revolt at the idea of one rule for the corporation and another for the other contracting party. So long as we observe forms of action, no suit based on a contract can be maintained when the contract itself is void. A party gaining an advantage over a corporation through a contract which is *ultra vires* should be made to respond in a proper proceeding, but not in a suit based on a nullity.

*Sessions & Cassedy*, for the defendant in error.

1. The undertaking sued on was absolute in its terms and definite in amount; and notice of acceptance or of Gibson's default was unnecessary to make Cox and Deason liable. Where notice is held to be requisite, the undertaking is not of that character, but is in the nature of a proposal to guarantee. *Montgomery* v. *Kellogg*, 43 Miss. 486; *Whitney* v. *Groot*, 24 Wend. 82; *Smith* v. *Dann*, 6 Hill, 543; *McMillan* v. *Bull's Head Bank*, 32 Ind. 11. That is the distinctive quality of all the cases referred to by opposing counsel, in which it is decided that notice is essential.

2. The judgment is right upon the whole record, independently of the correctness of the decisions on the demurrers to the pleas. The pleas are such as cannot be joined, either at common law or by statute, unless by leave of court. Code 1871, § 597; 1 Chitty Pl. 560. The final judgment was proper, therefore, on the ground of misjoinder. No motion for a new trial appears, and no complaint of the verdict or judgment was made, so that the defendant in error is entitled to an affirmance whether the pleas were good or bad.

George, C. J., delivered the opinion of the court.

W. P. Gibson, A. O. Cox, and J. B. Deason, on Nov. 13, 1876, executed their joint and several bond to the defendant in error in the penalty of one thousand dollars, with a condition as follows: " That if the above bounden W. P. Gibson, his heirs, &c., shall well and truly pay, or cause to be paid, any and every indebtedness or liability now existing, or which may hereafter in any manner exist, or be incurred on the part of the said W. P. Gibson to the said Weed Sewing Machine Company, whether such indebtedness or liability shall exist in the form of book accounts, notes, renewals or extensions of notes or accounts, acceptances, indorsements, guaranties, assignments, or otherwise (hereby waiving presentment for payment, notice of non-payment, protest and notice of protest, and diligence upon all notes now or hereafter executed, endorsed, transferred, guaranteed, or assigned by the said W. P. Gibson to the said Weed Sewing Machine Company), then this obligation to be void; but otherwise to remain

in full force and effect. This to be a continuing guaranty by each of the above parties until after notice in writing shall have been given to, and actually received ᵕby, the said Weed Sewing Machine Company from each." The declaration assigned as a breach of the condition of the bond, that, on Nov. 15, 1876 (two days after the date of the bond), the said Gibson became, and was, indebted to the plaintiff in the sum of four hundred and fifty-five dollars, and on said day executed to the plaintiff his promissory note for the same, payable at the end of four months from that time; and, as a further breach, it was averred that on said Nov. 15, 1876, the said Gibson became indebted to the plaintiff in the sum of one dollar, for sewing-machine oil then sold by the plaintiff to him. It was averred further that neither said Gibson nor the other defendants have paid said debts; by reason whereof the defendants became liable to pay the same.

The defendants Cox and Deason pleaded separately,— 1. *Non damnificatus*; 2. That the said bond was delivered by them to the said Gibson, and not to the plaintiff, and that they had no notice of the acceptance of said bond by the plaintiff until long after the maturity of the note mentioned in the declaration; 3. That they had no notice of the indebtedness of Gibson mentioned in the declaration until long after it fell due; 4. A plea setting out the facts pleaded in the second and third pleas. The plaintiff demurred to the second, third, and fourth pleas, and replied to the first, and the demurrer was sustained. The defendants Cox and Deason, under leave, filed several other pleas, and among them the following: 2. The mailing of notice to the plaintiff not to let Gibson have any machines, and this before any machines were delivered; 3. That the note of Gibson mentioned in the declaration is without any consideration whatever; 4. That the plaintiff had no power to make the contract sued on. The plaintiff's demurrer to these pleas was also sustained. A verdict was rendered against the defendants on the issues made by the other pleas, for the amount of the note and interest. Cox and Deason, sued out this writ of error, and assign that the lower court erred in sustaining the demurrers to the pleas and refusing to extend them back to the declaration.

It is here insisted that the instrument sued on was a guaranty, and that notice of its acceptance by the plaintiff, and of the credit given under it, should have been given to the sureties, Cox and Deason. We do not consider the instrument sued on a guaranty, in the sense in which it has been held that a guarantor is entitled to notice of its acceptance and of the credit given under it. A guaranty has been defined to be a collateral engagement to answer for the debt, default or miscarriage of another person. De Colyar on Guaranty, 1. Brandt, in his excellent work on Suretyship and Guaranty, § 1, says : " A surety or guarantor is one who becomes responsible for the debt, default, or miscarriage of another person. The words ' surety ' and ' guarantor ' are often used indiscriminately as synonymous terms ; but while a surety and a guarantor have this in common, that they are both bound for another person, yet there are points of difference between them which should be carefully noted." And, proceeding to point out this difference, the same author says : " A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning. . . . On the other hand, the contract of the guarantor is his own separate undertaking, in which the principal does not join." Tested by these rules, the defendants, Cox and Deason, would not be guarantors. They are joint obligors with Gibson, and not separate contractors. Their contract and liability are exactly the same as Gibson's. They bound themselves to do exactly what Gibson bound himself to do, neither more nor less. No breach of the bond can occur as to Gibson which is not equally a breach as to them, and what is a good performance as to Gibson is equally good as to them. Their promise is joint and several with Gibson's, — original as his is, and not collateral to it in any sense whatever. Their counsel admit that, as to this bond, they are the sureties of Gibson, and not guarantors.

But it is further insisted that they are sureties on this bond ; that the instrument itself is a guaranty ; and that they are therefore but sureties on a guaranty, and are entitled to all the privileges allowed by law to guarantors. The argument is plausible and ingenious, but unsound. If they are sureties in

an instrument of guaranty, Gibson is the principal, which would make Gibson the guarantor of his own debt, which would be absurd; for it is of the essence of a guaranty that the guarantor should become responsible for the debt, default, or miscarriage of another. Since, therefore, the principal obligor in the bond cannot be a guarantor, the instrument cannot be a guaranty; and the defendants, Cox and Deason, must be sureties merely, and not guarantors. Their true relation is that of sureties to Gibson in the contract sued on; that is, they have undertaken, with Gibson, to perform that contract for his benefit. Their obligation, it is true, is to be responsible for the debt, default, or miscarriage of Gibson; not, however, by a collateral and separate agreement, but in the same instrument, and only so far as that debt is created in that instrument, or the default or miscarriage may be occasioned by a non-compliance by Gibson with its terms. In testing their liability under it, we are first to ascertain the liability of Gibson under the same instrument. When that is fixed, their liability is also fixed. It being impossible for Gibson to be a guarantor for himself, he is not entitled to notice of the acceptance of the bond by the obligee, or of any subsequent advances under it. If the fact that the bond is a security for the debt, miscarriage, or default of Gibson makes it a guaranty, then every official bond of a public officer, every attachment and replevin bond, and every injunction bond and appeal bond would be guaranties; for they are all undertakings for the debt, default or miscarriage of the principal obligor. The Supreme Court of Indiana reached a similar conclusion, respecting a bond substantially the same as the one in controversy, in the case of *McMillan* v. *Bull's Head Bank*, 32 Ind. 11.

We think the demurrer to the third plea of the defendants pleaded on *respondeat ouster* ought not to have been sustained. The plea contained a good answer to the entire action, except one dollar, and the plaintiff did not assign as cause of demurrer that the plea professed to answer the whole action, while in truth it only answered a part. If the note, the non-payment of which is assigned as a breach of the bond, was without consideration, no recovery could be had on that account. The demurrer to this plea is ordered to be overruled. The de-

murrer to the second plea filed under judgment of *respondeat ouster* was properly sustained. As to the plea of *ultra vires*, it is only necessary to say now, that, if allowable at all, — about which we express no opinion, — the demurrer was properly sustained to it, because it failed to name which one of those contracts mentioned in the declaration was without the power of the corporation, and because, also, the plea fails to state wherein and in what respect the contract was *ultra vires*.

*Judgment reversed and cause remanded.*