## Campbell v. Sherman.   Homet's Appeal.

*Failure to revive judgment by surety.—Forbearance.*

The failure of a creditor to revive a judgment does not release the surety unless there was an express agreement that it should be kept revived for his benefit.

*Suretyship—Judgment given to secure another judgment.*

A bond with warrant of attorney to confess judgment given to secure the payment of judgments assigned to the obligee, and conditioned that if the judgments shall be paid in full then the obligation to be void, creates a contract of suretyship.

Argued March 16, 1892.   Appeal, No. 99, Jan. T., 1892, by judgment creditor, J. A. Homet, from order of C. P. Sullivan Co., May T., 1888, No. 139, distributing fund arising from sheriff's sale of real estate of Adam Sherman, on execution by

Belinda Campbell. Before PAXSON, C. J., STERRETT, WIL-
LIAMS, McCOLLUM and HEYDRICK, JJ.

The material facts as they appeared before the auditor to dis-
tribute, Bryan S. Collins, are stated in the opinion of the Su-
preme Court.

The condition of the bond, mentioned in the opinion of the
Supreme Court, was as follows :

" That if the said Adam Sherman shall pay or cause to be paid
unto the said J. A. Homet the sum of $266.62 with interest
from date of said bond one year from the date thereof, the same
being money actually borrowed from the said J. A. Homet, and
if two certain judgments—Nos. 106 and 107, May term, 1884,
in which the said Adam Sherman is plaintiff and A. R. Rob-
bins is defendant, the same being in common pleas of Sullivan
county, upon which two judgments there remain due and owing
at this date (date of bond) an unpaid debt and interest in
the sum of $592.38 which I, the said Adam Sherman, have this
day assigned to the said J. A. Homet—shall be paid in full by
the said A. R. Robbins, his heirs or assigns, to the said J. A.
Homet, then this obligation to be void, otherwise to be and re-
main in full force and virtue.   To recapitulate, this obligation
is given to secure to the said Homet the payment of the $266.62
this day actually borrowed in cash and to secure collaterally to
the said J. A. Homet the payment of the two judgments against
A. R. Robbins, this day sold to said Homet."

Exceptions to the auditor's report were sustained by the
court, in an opinion by SITTSER, P. J.

*Errors assigned* were (1, 2) dismissal of exceptions; (3) con-
firmation of report; and (4) distribution to junior lien cred-
itors.

*J. G. Scouten*, for appellant, cited Kramph's Executrix, v.
Hartz's Executors, 52 Pa. 529; United States v. Simpson, 3
P. &. W. 437; Winton v. Little, 94 Pa. 64 ; Mundorf v. Singer,
5 Watts, 172; Greenwalt v. Krieder, 3 Pa. 264; Kindt's Ap.,
102 Pa. 441 ; Lewis v. Rogers, 16 Pa. 18; Titusville Bank's
Ap., 85 Pa. 528.

*E. M. Dunham*, for appellee, cited Hanna v. Holton, 78 Pa.
334; McQueen's Ap., 104 Pa. 595 ; Muirhead v. Kirkpatrick,
21 Pa. 237.

OPINION BY MR. JUSTICE McCOLLUM, October 3, 1892.

On the first of January, 1887, J. A. Homet, the appellant, bought of Adam Sherman two judgments against A. R. Robbins on which there was then an unpaid balance of $592.38 and they were duly assigned to him. At the same time he loaned to Sherman $266.62. To secure the payment of the judgments and the money loaned he received the bond of Sherman in the sum of $859, on which, by virtue of the warrant of attorney contained therein, judgment was entered January 3, 1887. On a distribution of the proceeds of a sale by the sheriff on the 13th of September, 1890, of the real estate of Sherman, the appellant claimed to apply on his judgment the fund remaining after paying costs and prior liens. The subsequent lien creditors of Sherman admitted that the appellant was entitled to receive the sum loaned with interest thereon but contended that Sherman was released from liability as to the balance because of the appellant's failure to revive the Robbins judgments. To this the appellant answered that his omission to revive these judgments did not release Sherman, and that if it did the creditors could not take advantage of it on distribution. The conclusion reached by the learned auditor was that he could not, at the instance of the lien creditors, set aside or disregard the judgment on the showing before him, but that Sherman might in an appropriate proceeding rely on the appellant's negligence as a defence to it. The learned president of the common pleas thought that this defence could be successfully made before the auditor by the lien creditors, and the fund was accordingly awarded to them.

In reviewing the decision of the court below the first important inquiry is whether the obligation of Sherman in respect to the Robbins judgments was that of a surety or of a guarantor. If he was a surety he was not released from liability by the negligence of the appellant, and the contention concerning the powers of the auditor has nothing to rest upon. It is well settled that mere forbearance, however prejudicial to a surety, will not discharge him, and that the failure of a creditor to revive a judgment does not release the surety unless there was an express agreement that it should be kept revived for his benefit: Winton v. Little, 94 Pa. 64; United States v. Simpson, 3 P. & W. 437. We think the undertaking of Sherman

was that of a surety.  His bond included the money loaned and the balance due on the Robbins judgments, and by its express terms was to remain in force until the whole sum was paid.  The written conditions in the bond define the liability of the obligor and we cannot add to them by implication a condition which would render them nugatory.  The written condition applicable to this contention is that if the judgments "shall be paid in full by the said A. R. Robbins his heirs and assigns to the said J. A. Homet, then this obligation to be void otherwise to be and remain in full force and virtue."  The appellant purchased the judgments on the agreement of his vendor to pay them if Robbins did not.  It was a contract of suretyship, and not of technical guaranty, on which he parted with his money.  On the failure of Robbins to pay the judgments at maturity he was at liberty to proceed directly against the surety.  He was not bound to resort to legal proceedings against Robbins or to show that they would have been unavailing, in order to sustain process upon the bond.  He was under no legal duty to the surety to revive the judgments unless requested to do so, and, as no such request was made, negligence in this particular cannot be imputed to him.  The law on this subject is stated by AGNEW, J., in Reigart v. White, 52 Pa. 440, as follows: " A contract of suretyship is a direct liability to the creditor for the act to be performed by the debtor and a guaranty is a liability only for his ability to perform this act. In the former the surety assumes to perform the contract of the principal debtor if he should not, and in the latter the guarantor undertakes that his principal can perform—that he is able to do so.  From the nature of the former the undertaking is immediate and direct that the act shall be done which if not done makes the surety responsible at once, but from the nature of the latter, non-ability, in other words, insolvency, must be shown."  In Kramph's Executrix v. Hatz's Executors, Ibid. 525, WOODWARD, C. J., discussing the same subject, said : " The contract of a guarantor is to be carefully distinguished from that of a surety, for whilst both are accessory contracts and that of a surety in some sense conditional as that of a guarantor is strictly so, yet mere delay to sue the principal debtor does not discharge a surety. The surety must demand proceedings with notice that he will not continue bound unless

they are instituted: Cope v. Smith, 8 S. & R. 110.  By his contract he undertakes to pay if the debtor do not—the guarantor undertakes to pay if the debtor cannot.  The one is an insurer of the debt, the other an insurer of the solvency of the debtor.  It results as a matter of course out of the latter contract that the creditor shall use diligence to make the debtor pay, and failing in this he lets go the guarantor." The foregoing extracts from the opinions of eminent Pennsylvania jurists draw with remarkable clearness and precision the distinction between a contract of suretyship and a contract of guaranty, and accurately define the respective rights and obligations of a surety and a guarantor.  There has been no departure by this court from the principles announced in them, and they sustain the contention of the appellant that his omission to revive the Robbins judgments did not affect Sherman's liability on his bond.  If follows that it was error to award the fund to the subsequent lien creditors.

Decree reversed and record remitted to the court below with direction to distribute the fund in accordance with this opinion.  The costs of this appeal to be paid by the appellees.