Estate of Dennis Reilly, deceased. Appeal of Richard M. Reilly, Executor of Dennis Reilly, deceased.

*Wills—Legacies—Trusts.*

Testator by his will directed as follows: " I give and bequeath to the children of my brother R. the annual interest on fifteen thousand dollars, to be divided between them, share and share alike, during their lives, and upon the death of each one, I give one full share to his or her child or children, share and share alike, the issue of any deceased to take the share of the parent." By a codicil he directed as follows: " And ten thousand dollars is to be left in trust for A., my niece." A. was the daughter of R. *Held*, that the legacy given by the codicil was not to be added to the trust created by the will, and that A. was entitled to it as an absolute gift.

Argued March 8, 1899. Appeal, No. 71, Jan. T., 1899, by Richard M. Reilly, from decree of O. C. Northampton Co., dismissing exceptions to auditor's report. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to the report of Frederick Green, Esq., auditor.

Agnes Reilly Heiser presented her petition to the orphans' court, alleging that she was the Agnes Reilly mentioned in the codicil to the will of Dennis Reilly, who died on July 2, 1889, and praying for an order on Richard M. Reilly, the executor, to pay her the $10,000 mentioned in said codicil, with interest from July 2, 1890, less what interest had been paid.

The answer of the executor averred that the said sum of $10,000 was to be held by him in trust under the terms of the will of the said decedent, and that he intended to hold the said sum in trust; that the claim of Agnes Reilly Heiser had been passed upon by the auditor in the estate of Dennis Reilly, deceased, who decided that the " executors shall hold said fund ' in trust for Agnes Reilly, daughter of Richard Reilly, late of Hous-

ton, Texas, deceased, and pay the annual interest thereof to her during her life, and at her decease to pay the said principal to her child or children, share and share alike, the issue of any deceased to take the share of the parent,' and that said report was confirmed absolutely on February   , 1891, and said decree had never been altered or changed in any way, and that both by the terms of the will and by said decree petitioner has no claim for the payment of said principal sum to her," and asked that her petition be dismissed.

The matters alleged in the petition and the answer were submitted to the auditor.

The facts appear by the opinion of SCOTT, J., on exceptions to the auditor's report, which opinion was as follows:

In the eleventh paragraph of testator's will he provided as follows: " I give and bequeath to the children of my brother Richard the annual interest on fifteen thousand dollars, to be divided between them, share and share alike, during their lives, and upon the death of each one I give one full share to his or her child or children, share and share alike, the issue of any deceased to take the share of the parent." (Dated and executed March 10, 1884.)

This codicil followed January 5, 1888:

" The thirteenth, fourteenth and fifteenth clauses in my will are hereby revoked.   The lines drawn through them were this fifth day of January, 1888, done by myself, for good and sufficient reasons, And ten thousand dollars is to be left in trust for Agnes Reilly, my niece."

Each canceled clause contained a bequest of a small annuity to a person therein named; none of them have any relation to this controversy.

The present petitioner is the legatee mentioned in the codicil, and she is one of the three children of the brother Richard given, by the eleventh clause, the annual interest for life in the sum of $15,000.   She now demands from the executor payment of the principal specified in the codicil.   The bequest would be absolute, if she was not otherwise mentioned: McCune v. Baker, 155 Pa. 503.   The legacies are cumulative.   She is entitled to both : Manifold's Appeal, 126 Pa. 508.   Generally, additional legacies, without further direction, will be presumed to be held

for the purpose of the original testamentary disposition of a fund for the legatee. If the trust for life, with limitation over, in the eleventh clause, had been for the petitioner alone, it is probable the rule would apply to the bequest in this codicil: Lejee's Est., 181 Pa. 416. In the case cited, however, there were more specific and definitive words, expressing a purpose " to add to the legacy of my niece."

The rule is not universal, nor is it more than prima facies, Pike v. Walley, 15 Gray, 346, and it is only where the subject of the first gift is absolutely bestowed, or made defeasible, that it is applied. It is not extended either so far as to alter an absolute second gift into an estate for life, with limitation over to the person designated to take in the first one, after the legatee's death, for that would give him something that plainly was not intended: Williams on Executors (6th Am. ed.), p. 1296; In re More's Trust, 10 Hare, 171; Overend v. Gurney, 7 Sim. 128; Mann v. Fuller, Kay, 624. And, standing alone, the second legacy vests absolutely. The rule can be invoked only when consistent both with the terms of the gift itself and the scope of the rest of the will: King v. Tootel, 25 Beav. 23. The purpose always being to serve the intention of the testator, as we may be able to read it, mere artificial rules devised for interpretation only, unless technical rules of property, will not arrest the consummation of it.

It would be consistent with the general scheme of this will, establishing trusts for the lives of certain classes of kindred beneficiaries, to one of which the petitioner belongs, to have the second legacy added to the first, but that one is the annual interest only of the sum named to three legatees, among which she is included, with limitation of one share to the children of each, after death. This bequest could not be added to the principal of that joint legacy, and dispositions of it be made either before or after the death of one, in exact accordance with the direction. Doubtless there would be no practical difficulty in preserving the two funds, either distinct or in one investment for the payment of the income in unequal shares to the persons constituting this class, but it is not clear enough that he intended to make the second gift a part of this particular trust with its limitations, although he may have purposed it to be separately held for similar uses of the legatee since he desig-

nated it " to be left in trust." Without further definition of it, however, and treated singly, it vests absolutely. The word " and " by which the second legacy is introduced does not seem to direct the thought back to the first gift as if intended to be a part, but rather implies a substantive gift and independent of it, if it can have any significance at all. It followed immediately the cancelation of three other paragraphs. I have been directed to no authorities covering these precise conditions; perhaps they do not exist. But after some hesitation, I think the conclusion of the learned auditor is fairly supported by the reasons which he gives and by these additional considerations.

The proposition that this matter stands adjudicated by a previous decree was not pressed before the auditor, and has been barely stated to me. Upon the balance in this last account the petitioner would not be concluded from relief otherwise entitled: Guenther's App., 4 W. N. C. 41; Kline's App., 86 Pa. 363.

Now, January 23, 1899, it is ordered, adjudged and decreed that the exceptions filed to the auditor's report be dismissed and that the executor of Dennis Reilly, deceased, be hereby directed to pay Agnes Reilly Heiser, the petitioner, the legacy of $10,000, with interest from July 2, 1890, less the sum of $5,211.46 paid thereon to November 28, 1898, and such other payments, if any, as have been since that date made. The costs to be paid by the respondent.

*Error assigned* was the decree of the court.

*Russell C. Stewart*, for appellant, cited Sheets's Est., 52 Pa. 257; Bentley v. Kauffman, 86 Pa. 99; Eichelberger's Est., 135 Pa. 160; Blann v. Bell, 5 De G. & Sm. 658; Brick's Est., 20 W. N. C. 45; Wetter's App., 20 W. N. C. 499; Hawkins on Wills, 306, 307; Pike v. Walley, 15 Gray, 345; King v. Tootel, 25 Beav. 23; Lejee's Est., 181 Pa. 417; Thompson v. Churchill, 60 Vt. 371; Snow v. Foley, 119 Mass. 102.

*E. D. Reilly* and *H. J. Steele*, for appellees were not heard, but cited in their printed brief: Rodrigue's App., 22 W. N. C. 358; McCune v. Baker, 155 Pa. 503; Brownfield's Est., 8 Watts, 465; Silknitter's App., 45 Pa. 365; Manifolds's App., 126 Pa. 508; Chatteris v. Young, 2 Russ. 184; 1 Jarman on

Wills, 354; In re More's Trust, 10 Hare, 171; Mann v. Fuller, Kay, 624.

PER CURIAM, March 27, 1899:

The ruling of the learned court below upon the contention in this case is so manifestly correct that it would be a work of supererogation to indulge in any extended discussion of the subject. We therefore affirm the decree upon the opinion filed.

Decree affirmed and appeal dismissed at the cost of the appellant.