## Baker *v.* Small, Appellant.

*Res adjudicata—Identity of the quality in the parties.*

To make a matter res adjudicata there must be identity of the quality in the persons for or against whom the claim is made.

*Res adjudicata—Guardian and ward—Promissory note—Principal and surety.*

Where a guardian presents a promissory note to an auditor appointed to distribute the estate of a deceased maker of the note, and does not disclose the fact that the note represents his ward's moneys, and the auditor disallows the claim because the guardian was personally indebted to the decedent in excess of the amount of the note, and the auditor's report is sustained, the decree of the orphans' court will not bar a subsequent suit on the note against a person who signed the note as surety. In such a case the surety cannot claim his discharge by the omission of the guardian to present his ward's claim upon distribution of the deceased's principal estate.

If the principal on a promissory note is dead, the creditor is under no obligation to resort to his estate, unless requested by the surety to do so.

Argued March 19, 1901. Appeal, No. 22, March T., 1901, by defendant, from judgment of C. P. Franklin Co., Dec. T., 1900, No. 27, on verdict for plaintiff in case of John L. Baker, Guardian, v. H. M. Small. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a promissory note.

The facts are fully stated in the opinion of the Superior Court.

The court gave binding instructions for the plaintiff.

Verdict and judgment for plaintiff for $131.60. Defendant appealed.

424 BAKER *v.* SMALL.

Assignment of Error—Opinion of the Court. [17 Pa. Superior Ct.

*Error assigned* amongst others was (1) in directing the verdict for plaintiff.

*W. Rush Gillan,* of *Gillan & Gillan,* with him *Charles Walter,* for appellant.—The matter was res adjudicata by the decree of the orphans' court: Curcier's Est., 28 Pa. 261; Kittera's Est., 17 Pa. 416; Prowathin v. O'Brien, 1 W. N. C. 155; Haviland v. Fidelity Trust, etc., Co., 15 W. N. C. 141; Otterson v. Middleton, 102 Pa. 78; Lockart v. John, 7 Pa. 137; 2 Black on Judgments, 641; Corcoran v. Chesapeake & Ohio Canal Co., 94 U. S. 741.

The surety was discharged: Com. v Haas, 16 S. & R. 252; Fegley v. McDonald, 89 Pa. 128; Commercial Nat. Bank v. Henninger, 105 Pa. 503; Holt v. Bodey, 18 Pa. 207; Everly v. Rice, 20 Pa. 297; Stephens v. Monongahela Nat. Bank, 88 Pa. 157; Schuylkill Bank v. Macalester, 6 W. & S. 147; Lichtenthaler v. Thompson, 13 S. & R. 157.

*W. K. Sharpe,* of *Sharpe & Elder,* for appellee, cited on the question on res adjudicata: Rathbone v. Hooney, 58 N. Y. 463; Sample v. Coulson, 9 W. & S. 62; Biddle v. Tomlinson, 115 Pa. 299; Guenther's Appeal, 4 W. N. C. 41; Pepper's Estate, 13 Pa. C. C. Rep. 407; Kline's Appeal, 86 Pa. 363; Grim's Appeal, 109 Pa. 391; Raeder's Appeal, 167 Pa. 597.

Cited on the question of discharge of surety: Cope v. Smith, 8 S. & R. 110; Supplee v. Herrman, 16 Pa. Superior Ct. 45; Trickett on Guardians, 226; Com. v. Hantz, 2 P. & W. 333; Kindt's App., 102 Pa. 441; Com. v. Miller, 8 S. & R. 457; Winton v. Little, 94 Pa. 64; Campbell v. Sherman, 115 Pa. 70.

OPINION BY RICE, P. J., July 25, 1901:

This was an action of assumpsit brought by John L. Baker guardian of Lewis Baker, Mary Baker and Ida Baker against H. M. Small on a promissory note drawn in the following form:

"MONT ALTO, PA., May 8, 1896.

"One year after date we or either of us promise to pay to John L. Baker or order the sum of one hundred and two and 34-100 dollars, the same being money in trust with interest from date for value received.

"E. J. SMALL.
"H. M. SMALL."

As was indicated on its face John L. Baker took the note in trust, and the admitted fact is, that the money represented by it was due to his wards.

E. J. Small, the principal in the note, died in the following month, and in 1897 an auditor was appointed to pass upon exceptions to the partial account of the administrator of his estate and to distribute the balance. At the audit John L. Baker personally presented, and claimed payment of, the note in suit, but did not disclose the fact that the money represented by it was due to his wards. The auditor refused to allow the note to participate in the distribution upon the ground that John L. Baker was indebted to the estate of E. J. Small in an amount largely in excess of the amount of the note. It is argued that the decree of the orphans' court confirming the report of the auditor bars recovery in the present action.

Counsel for both sides agree that to make a matter res-adjudicata there must be a concurrence of (1) identity in the thing sued for or subject-matter of the suit; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. Passing the question of the conclusiveness of a decree of the orphans' court making a partial distribution of the funds of an estate (see Guenther's Appeal, 4 W. N. C. 41, Kline's Appeal, 86 Pa. 363; Raeder's Appeal, 167 Pa. 597, and Reilly's Est., 190 Pa. 509), we think it clear that the fourth essential above referred to is lacking. As a general rule it is just as important that the parties to both suits should be acting in the same capacity in each as that the parties should be the same. True, it has been held that if one sues as trustee and afterwards in his individual capacity in respect to the same subject-matter, he is bound by the decree in the former suit. "For," it is said, " if at that time he owned the subject of the trust, he was representing himself, and if he bought it afterwards, he is privy to the person who was represented: " 2 Black on Judgments, p. 641, sec. 537; Corcoran *v.* Chesapeake & Ohio Canal Co., 94 U. S. 741; L. ed. Bk. 24, p. 190. Granting the correctness of this principle it does not apply here, and we do not think it can be shown that the converse of the rule is sound in principle or is sanctioned by precedent. A judgment against a party suing or sued as an individual is not an estoppel (unless in special circum-

stances which do not appear here) in a subsequent action in which he sues as guardian or trustee. " In the latter case he is, in contemplation of law, a distinct person and a stranger to the prior proceedings and judgment : " Rathbone v. Hooney, 58 N. Y. 463. This language fits the present case. These minors were not represented at the audit and no claim was made on their behalf. If their guardian fraudulently or by mistake sought to divert the trust funds to his individual use, that is, by having them applied to the payment of his debt, we fail to see that the adjudication against him can be regarded as an adjudication of their rights.

As a further ground of defense it is urged that where a creditor has the means of satisfaction in his hands and chooses not to retain them but suffers them to pass into the hands of the principal, the surety cannot be called upon. In support of this proposition counsel cite: Commonwealth v. Miller's Admr., 8 S. & R. 452; Com. v. Hass, 16 S. & R. 252; Fegley v. M'Donald, 89 Pa. 128; Ramsey v. Westmoreland Bank, 2 P. & W. 203; Commercial Nat. Bank v. Heninger, 105 Pa. 496. It is urged that the fund or property need not be actually in the hands of the creditor, that if it be within his control, so that by the exercise of reasonable diligence he may have realized his pay out of it, yet he voluntarily and by supine negligence relinquished it, the surety is discharged. The principle is founded in equity and is well settled, but we do not think it applies. John L. Baker, guardian, never had in his hands, either actually or potentially, money or property which he suffered to pass into the hands of E. J. Small, the principal, or of the administrator of his estate. As the appellee's counsel well says, when he presented the note as his individual property, he was acting just as much outside of the scope of his authority as though he had expressly agreed with the administrator of E. J. Small that the note should be credited on his own individual indebtedness to the estate of E. J. Small. The wards would not have been estopped by any such transaction; neither are they estopped by the fact that Baker presented the note before the auditor in the manner he did. The case then comes down to this question: Is a surety discharged by the omission of the guardian of the minor creditor to present his ward's claim upon distribution of the deceased principal's estate? A surety is undoubtedly primarily

liable on his undertaking, and may be proceeded against without recourse to him for whom he has engaged to answer, and this, too, even though the principal be dead: Supplee v. Herrman, 16 Pa. Superior Ct. 45, and cases there cited. In a leading case, bearing directly upon the precise question under discussion one of the points decided is correctly stated in the syllabus as follows: If the principal be dead, the creditor is under no obligation to resort to his estate, unless requested by the surety to do so, notwithstanding the 14th section of the act of April 19, 1794, which requires creditors to exhibit their accounts to executors and administrators within twelve months after public notice is given. Chief Justice TIGHLMAN, who delivered the opinion of the court, said: " Whether the principal be alive or dead, it is the business of the surety to keep an eye on his affairs, and request the creditor to bring suit, whenever he thinks himself in danger. I do not say that there may not be cases of collusion, in which the conduct of the creditor would be deemed fraudulent; but such cases would turn on a different principle. In the case before us it cannot be said that the plaintiff has voluntarily relinquished a fund, to which he ought to have resorted in ease of the surety. The law must be presumed to be as well known to the surety as to the creditor; and no request having been made by the surety, there was no obligation on the plaintiff to resort to the estate of Godfrey Smith: " Cope v. Smith, 8 S. & R. 110, see also Campbell v. Sherman, 151 Pa. 70.

Upon the same principle we think it must be held that the surety was not discharged in the present case. If any one was guilty of laches it was he, for he was present at the audit and presumably knew of the manner in which the note was presented.

Judgment affirmed.