# HARGIS *et al.* v. FIDELITY MUT. LIFE INS. CO.

No. 361. Opinion Filed January 11, 1910.

Rehearing Denied December 13, 1910.

(117 Pac. 794.)

**PRINCIPAL AND SURETY**—Bond—Notice of Acceptance. A bond signed by T. as "principal" and four others as "sureties" (T. having been theretofore appointed an agent of the obligee, a corporation, by written contract), conditioned in effect that if T., his heirs, etc., shall well and truly promptly pay to the obligee, etc., all moneys which may come into his hands as agent of and for the obligee, etc., and shall keep all agreements comprised in any or all contracts theretofore or thereafter made between said T. and the obligee, binds said sureties as sureties, and not as guarantors, and requires no notice of acceptance.

(Syllabus by the Court.)

*Error from Pontotoc County Court; Joel Terrell, Judge.*

Action by the Fidelity Mutual Life Insurance Company against C. C. Hargis and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Duke Stone,* for plaintiffs in error.

*W. B. Crossan,* for defendant in error.

TURNER, J. On December 27, 1906, the Fidelity Mutual Life Insurance Company, defendant in error, sued J. W. Taylor, C. C. Hargis, J. F. Jackson, George Harrison, and W. J. Baugh, plaintiffs in error, in the United States Court for the Indian Territory, Southern District at Ada, on the following bond:

"Know all men by these presents: That J. M. Taylor, of Ada, I. T., as principal, and C. C. Hargis, of Ada, I. T., J. F. Jackson and George A. Harrison, of Ada, I. T., W. J. Baugh, of Ada, I. T., as sureties, are held and firmly bound unto the Fidelity Mutual Life Insurance Company, of the city and county of Philadelphia, state of Pennsylvania, a corporation, existing under the laws of said state, in the sum of five hundred dollars, lawful money of the United States of America, to be paid to the said Fidelity Mutual Life Insurance Company, at its office in Philadelphia, Penn., its certain attorney or assigns, to which payment well and truly to be made we bind ourselves, our heirs, executors, and administrators, firmly by these presents. Sealed with our seals, dated the second day of August in the year of our Lord one thousand nine hundred and five. The condition of this obligation is such, that if the above bounden principal, J. M. Taylor, of Ada, I. T., his heirs, executors, administrators, or any of them shall and do well and truly promptly pay or cause to be paid unto the above-named the Fidelity Mutual Life Insurance Company, or its legal representative, any and all moneys which may come into his hands as agent of or for said company, and shall pay or cause to be paid to said company all loans or advances made to him by said company, or to any special or subagents appointed by him, on account of future commissions or otherwise; shall not incur any indebtedness for advertising, office rent, purchase of supplies, or for any matter or thing whatsoever, in the name of the company, without the written consent of the president, and shall and do in all things well and truly observe, fulfill, and keep all and singular articles, clauses, provisions, conditions, and agreements, whatsoever, which on the part of the said J. M. Taylor, are or ought to be observed, performed, fulfilled, and kept, comprised and mentioned in any or all contracts or agreements heretofore or hereafter made between him and the said Fidelity Mutual Life Insurance Company, or its representative, according to the purport, true intent, and meaning of the same, or contained and mentioned in any change or

·modification of the same, then this obligation to be null and void, ·or else to be and remain in full force and virtue.  J. M. Taylor. [Seal.]   Signature of Principal.  C. C. Hargis.  [Seal.]   Signature of Surety.  J. F. Jackson.  [Seal.]  Signature of Surety. Geo. A. Harrison.  [Seal.]  W. J. Baugh.  Signed, sealed, and delivered in the presence of T. S. Houpt.  R. S. Floyd.

"Notice to Sureties:  Not less than two sureties are required in every case, but it is expressly understood that individual as well as joint liability attaches from date of signature."

It is alleged as breaches thereof that said Taylor had, under its terms and pursuant to his prior written contract of agency, received large sums of money advanced by plaintiff to him at various times which had been by him wrongfully retained, in the total sum of $394.99; and there was filed an itemized statement thereof, and prayer for judgment against defendants for said amount.

After answer filed, in which defendants, in effect, admitted the agency and the execution of said bond, but denied the breaches assigned, and reply by plaintiff, the cause was transferred by agreement to the county court of Pontotoc county, and tried to a jury which resulted in judgment for plaintiff and against defendants, who, after motion for a new trial filed and overruled, bring the case here.

To maintain the issues on its part, plaintiff introduced said bond in evidence, proved the breaches alleged, and rested; whereupon all the defendants except Taylor demurred to the evidence, which was overruled, and exceptions saved.  Thereupon defendants introduced their testimony, and at the close of all the testimony said demurrer was overruled, and verdict and judgment as stated, to reverse which demurring defendants contend that the court erred in overruling said demurrer because they say, in effect, the instrument sued on is as to them in legal effect a guaranty of future advances to be made by plaintiff to defendant Taylor, and that they were entitled to notice of its acceptance, the receipt of which the evidence fails to disclose.  Without entering into a discussion of the difference between a contract of guaranty and one of suretyship, we think it sufficient to say that it is too well settled to admit of serious discussion that the instrument sued on is a

bond and a contract of suretyship between plaintiff and the demurring defendants, and that notice to them of its acceptance was not necessary.

*Page v. White Sewing Machine Company*, (Tex. Civ. App.) 34 S. W. 988, was a suit upon a bond similar in form to the one in question given by Page to said sewing machine company for the faithful discharge of his duties to said company. The execution of the bond was not denied. As a defense thereto among others, it was contended that no notice of the acceptance thereof was given the sureties thereon by plaintiff. It was urged that said notice was necessary for the reason that the contract was one of strict legal guaranty. The court held otherwise, and that the instrument was a plain bond executed by said Page as principal and the other defendants as sureties, and affirmed the judgment of the lower court, and in the syllabus said:

"A bond whereby the obligors bind themselves severally and individually for the performance by the principal of certain acts, consisting of the payment to the obligee, a sewing machine company, of all claims owing the obligee from the principal, is, as effects the sureties, a contract of suretyship, and not of guaranty."

*Cox v. Weed Sewing Machine Company*, 57 Miss. 350, was a suit by the company on the bond of said Cox and two other defendants who had executed the same to plaintiff in the sum of $1,000, conditioned, in effect, that, if one of said defendants, Gibson, "* * * shall well and truly pay, or cause to be paid, any and every indebtedness or liability now existing, or which may hereafter in any manner exist, or be incurred on the part of the said W. P. Gibson, to the said Weed Sewing Machine Company, whether such indebtedness or liability shall exist in the form of book accounts, acceptances, indorsements, guaranties, assignments, or otherwise (* * *), then this obligation to be void, but otherwise to remain in full force and effect. This to be a continuing guaranty by each of the above parties until after notice in writing shall have been given to, and actually received by, the said Weed Sewing Machine Company from each." As a breach thereof, plaintiff assigned that said Gibson after its

execution became and was indebted to plaintiff in the sum of $455 represented by his promissory note, which none of the signers of said bond had paid, and for which they were liable, and prayed judgment. The other defendants, among other things in defense, pleaded that they had no notice of the acceptance of said bond until long after the maturity of said note. Plaintiff demurred to this plea, which was sustained, and the ruling thereon affirmed by the Supreme Court, which held the contract to be one of suretyship, and not of guaranty, and, as such, defendants were not entitled to notice of the acceptance thereof by plaintiff, and in the syllabus said:

"The sureties on a bond conditioned to answer for the debts and defaults of a sewing machine agent, who is the principal obligor, and to whom the bond is delivered, are neither guarantors nor sureties on a guaranty, and are not entitled to notice of the obligee's acceptance of the bond, or the agent's subsequently contracted debts."

In *Saint v. Wheeler & Wilson Manufacturing Company*, 95 Ala. 362, 10 South. 539, 36 Am. St. Rep. 210, on the back of Saint's contract of agency with said company, was the following: "For value received, and in consideration of the within contract, R. F. Saint, of Leighton, Colbert county, Alabama," (and the other defendants, mentioning their names and residences), "hereby guarantee to the Wheeler & Wilson Manufacturing Company, its successors and assigns, the full and faithful performance of the foregoing contract, including all damages which may result to the said company from any failure on the part of said R. F. Saint to perform any of the provisions of said agreement, to the amount of $1,000; hereby waiving all necessity on the part of said company of instituting legal proceedings against R. F. Saint, before having recourse on us; hereby waiving the benefit of all constitutional or statutory homestead or exemption laws now in force; further agreeing to pay plaintiff's attorney's fees, and all costs; should suit be necessary to enforce the collection of this bond. Witness our hands and seals," etc. The suit was by said company on said contract against said Saint and four others who signed it, the breach of which was alleged to be that Saint had

failed to pay over on demand of defendant $800 received by him under his contract of agency. There was judgment for plaintiff, and on appeal the Supreme Court said:

"The contract sued on is not a guaranty, but one of suretyship. Crosswaithe and the other defendants who undertake that Saint shall faithfully perform his contract with the company are sureties of Saint, and not his guarantors. The distinction * * * seems to lie in this: That when the sponsors for another assume a primary and direct liability, whether conditional or not in the sense of being immediate or postponed till some subsequent occurrence to the creditor, they are sureties; but, when this responsibility is secondary and collateral to that of the principal, they are guarantors. Or, as otherwise stated, if they undertake to pay money, or do any other act, in the event their principal fails therein, they are sureties; but, if they assume the performance only in the event the principal is unable to perform, they are guarantors. Or, yet another and more concise statement, a surety is one who undertakes to pay if the debtor do not; a guarantor, if the debtor cannot."

And in the syllabus said:

"A bond signed jointly by several persons, one of whom had been appointed an agent and collector of a private corporation, by. written contract made a part of the bond, reciting that for value received, and in consideration of said contract, they 'hereby guarantee to' said corporation 'the full and faithful performance of said contract, including all damages which may result to said company from any failure on the part of said S. (collector) to perform any of the provisions of said contract, to the amount of $1,000.00; hereby waiving the necessity on the part of said company of instituting legal proceedings against said S. before having recourse on us,' binds the other obligors as sureties for said S., and not as guarantors. Such contract of suretyship, unlike a guaranty, does not require notice of acceptance, but becomes complete and binding on delivery; and, having been delivered, one of the obligors cannot afterwards revoke it as to himself, unless the right of revocation is expressly reserved in the writing."

See, also, *Reigert v. White*, 52 Pa. 438; *Campbell v. Sherman*, 151 Pa. 70, 25 Atl. 35, 31 Am. St. Rep. 735.

We are therefore of opinion that the contract sued on was one of suretyship between plaintiff and demurring defendants,

and that no notice of its acceptance was required. There is nothing in the contention that the court erred in admitting certain evidence to prove that Taylor as principal on the bond authorized plaintiff to charge his account with $78 advanced him by Replogle as the general agent of the company subject to plaintiff's approval, and prior to the execution of the bond, for the reason that the same was so advanced by agreement between Taylor as said agent and used by him as such in the prosecution of the business of the company, and is within the contemplation of that part of the bond providing that he shall keep all agreements "heretofore or hereafter made between him and said Fidelity Mutual Life Insurance Company, or its representatives, according to the purport, true intent and meaning of the same. * * *"

The judgment of the lower court is affirmed.

KANE, C. J., and DUNN and HAYES, JJ., concur; WILLIAMS, J., not participating.